**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTIRCT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **Civil Action No. _____** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | |
| **PACIFIC SUNWEAR OF CALIFORNIA, LLC,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA")*,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.  The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Pacific Sunwear of California, LLC ("PacSun") discriminated against Charging Party John A. Sumner ("Mr. Sumner") in violation of 42 U.S.C. §§ 12112(a) and 12112(b)(6) in that PacSun failed to hire Mr. Sumner because of his disability and utilized walking and/or the absence of a wheelchair as a qualification standard and/or selection criteria for hire.   The Commission further alleges that PacSun has failed to make and preserve records in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3.      The Commission is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      PacSun is a leading specialty retailer that sells casual apparel, accessories, and footwear designed to appeal to teens and young adults.  At all relevant times, PacSun has continuously done business in Florida, and has continuously had at least fifteen employees.

5.      At all relevant times, PacSun has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

6.      At all relevant times, PacSun has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

7.      On approximately March 22, 2016, Mr. Sumner filed a charge of discrimination with the Commission alleging violations of ADA.

8.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### Mr. Sumner's Disability

9.      Mr. Sumner suffers from a disability, paraplegia.

10.     Mr. Sumner's paraplegia requires the full-time use of a wheelchair and prevents him from walking, climbing stairs, and standing, among other activities requiring use of the lower extremities.

### Mr. Sumner's Application Process

11.     On approximately February 22, 2016, Mr. Sumner's mother, Lisa Abarno, went shopping at a PacSun outlet store located in St. Augustine, Florida.  While Ms. Abarno was shopping, she learned from the Assistant Store Manager that PacSun was hiring and obtained an application for her son.

12.     On approximately February 23, 2016, Mr. Sumner went to PacSun, advised the Store Manager that he was interested in applying for a cashier position, and submitted a completed employment application.

13.     Mr. Sumner had the ability, necessary skills and required qualifications to perform the job duties associated with the PacSun cashier position.

14.     The Store Manager, however, took one look at Mr. Sumner and stated that PacSun was not hiring.

15.     On approximately February 24, 2016, Stephanie Greenway, a non-disabled applicant, went to PacSun while the Store Manager was working.  Ms. Greenway asked the Store Manager if PacSun was hiring, and the Store Manager stated that PacSun was looking to hire multiple people.

16.     On approximately February 25, 2016, Jose Torres, a non-disabled applicant, went to PacSun.  Upon inquiry, the Store Manager told Mr. Torres that PacSun was hiring.

17.     PacSun did not hire Mr. Sumner for the cashier position.

18.     As a result, Mr. Sumner suffered damages.

## Recordkeeping Violation

19.     During EEOC's administrative investigation, EEOC requested employment applications from the PacSun location to which Mr. Sumner applied for the period November 2015 through January 2017.

20.     PacSun failed to preserve and maintain the requested employment applications.

## STATEMENT OF CLAIMS

## COUNT I

21.     Paragraphs 8 through 18 are incorporated herein.

22.     PacSun failed to hire Mr. Sumner in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), as amended by the ADAAA.  Specifically, PacSun failed to hire Mr. Sumner on the basis of his disability, paraplegia.

23.     The effect of the practices complained of in paragraphs 8 to 19 above has been to deprive Mr. Sumner of equal employment opportunities because of his disability.

24.     The unlawful employment practices complained of in paragraphs 8 to 18 were intentionally done with malice and/or reckless indifference to the federally protected rights of Mr. Sumner.

## COUNT II

25.     Paragraphs 8 through 18 are incorporated herein.

26.     Upon information and belief, PacSun uses walking and/or the absence of a wheelchair as a qualification standard and/or selection criteria in violation of Section 102(b)(6) of the ADA, 42 U.S.C. § 12112(b)(6).

27.     The effect of the practices complained of in paragraphs 8 to 18 above has been to screen out screen out individuals with paraplegia or other disabilities that prevent walking or otherwise require the use of a wheelchair, such as Mr. Sumner.

28.     The unlawful employment practices complained of in paragraphs 8 to 19 were intentionally done with malice and/or reckless indifference to the federally protected rights of Mr. Sumner.

## COUNT III

29.     Paragraphs 19 through 20 are incorporated herein.

30.     Since at least November 2015, PacSun has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

1.      Grant a permanent injunction enjoining PacSun, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate against qualified individuals on the basis of his or her disability in regard to hiring;

2.      Grant a permanent injunction enjoining PacSun, its officers, successors, assigns and all persons in active concert or participation with it, from using walking and/or the absence of a wheelchair as a qualification standard or selection criteria for hourly positions;

3.      Order PacSun to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

4.      Order PacSun to make whole Mr. Sumner by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Sumner or front pay in lieu thereof;

5.      Order PacSun to make whole Mr. Sumner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in the Complaint including, but not limited to, amounts for mental anguish and emotional distress, in amounts to be determined at trial;

6.      Order PacSun to make whole Mr. Sumner by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in the Complaint, in amounts to be determined at trial;

7.      Order PacSun to pay Mr. Sumner punitive damages for its malicious and reckless conduct, as described in the Complaint, in amounts to be determined at trial.

8.      Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that PacSun

violated and continues to violate 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. § 2000e-8(c) and the Commission's recordkeeping regulations found at 29 C.F.R. § 1602.14, by its failure to maintain and retain employment records as required by law.

9.      Order PacSun to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.14.

10.     Grant such other further relief as the Court deems necessary and proper in the public interest; and

11.     Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: July 10, 2018.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity
Commission 131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No: 285676

KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar No: 153729

/s/Kristen Foslid
KRISTEN FOSLID
Trial Attorney
Florida Bar No. 0688681
U.S. Equal Employment
Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1803
Fax: 305-808-1835
kristen.foslid@eeoc.gov