**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,

and

JOHN SUMNER,

       Intervenor Plaintiff,

vs.                         Case No.   3:18-cv-863-J-39JRK

PACIFIC SUNWEAR OF CALIFORNIA, LLC,

       Defendant.

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion for Approval and Entry of Consent Decree (Doc. No. 38; "Motion"), filed July 23, 2019. In the Motion, Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant request that the Court approve the attached Consent Decree (Doc. No. 38-1), retain jurisdiction over its enforcement, and administratively close this action. Motion at 2. The parties state that "[a]lthough [John] Sumner is not a party to the Consent Decree entered into between the EEOC and Defendant, the parties anticipate that he will soon file separate submissions to effectuate the dismissal of his independent claims." Id. n.1. The parties have agreed to

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

bear their own attorney's fees and costs incurred in this matter. Id. The parties represent that "the Court's entry of the Consent Decree will resolve all claims asserted by EEOC in their entirety." Id.

Upon review, the undersigned finds that the terms of the Consent Decree comply with the requirements of Rule 65(d), Federal Rules of Civil Procedure. Based on the foregoing, it is

**RECOMMENDED**:

1. That the Joint Motion for Approval and Entry of Consent Decree (Doc. No. 38) be **GRANTED**, that the Court enter the Consent Decree (Doc. No. 38-1), and that the Court retain jurisdiction over enforcement of the Consent Decree for two (2) years from the date that it enters an Order approving the Consent Decree.

2. That the Clerk be directed to administratively close this case.

3. That John Sumner and Defendant be ordered to file a Joint Stipulation of Dismissal or other appropriate documents to close out this file within **thirty (30) days** of entry of an Order on the Motion, and that if no Joint Stipulation is filed by the deadline, this case be automatically deemed dismissed without prejudice.

4. That Plaintiff EEOC's First Motion to Compel Directed to Documents Concerning Employment Opportunities at One Retail Location in St. Augustine, Florida, a Privilege Log, Better Responses to Document Request Nos. 2, 5, 6, 22, 23, 25, 27 and 68 (Doc. No. 33) be **DEEMED MOOT**.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on August 14, 2019.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Brian J. Davis
United States District Judge

Counsel of Record